FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 APR 11 PM 3:36

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

TONI MARLENE CARTER,

CASE NO.: 6:17-CV-653-ORL-31-DCI

Plaintiff,

vs.

PROG LEASING, LLC,

DEMAND FOR JURY TRIAL

Defendant,
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, TONI MARLENE CARTER (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, PROG LEASING, LLC, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

1

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Orange County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign profit corporation with its principal place of business located at 256 West Data Drive, Draper, UT 84020.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Orange County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Orange County, Florida, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. On, September 12, 2016 at 5:17 P.M., Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling her cellular telephone.

13. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on September 12, 2016, when Plaintiff verbally advised Defendant to stop calling her cellular telephone.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in -1163 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on September 12, 2016.

16. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

17. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone up to six (6) times per day from September 12, 2016 through October, 2016.

18. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19. Some of the representatives sounded like an artificial or pre-recorded voice.

20. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

21. Furthermore, Defendant called Plaintiff's employer in an attempt to collect the alleged debt.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

25. Plaintiff incorporates all allegations in paragraphs 1-24 as if stated fully herein.

26. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

27. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

28. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, TONI MARLENE CARTER, demands judgment against Defendant, PROG LEASING, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(4)

29. Plaintiff incorporates all allegations in paragraphs 1-24 as if stated fully herein.

30. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

31. Defendant violated Florida Statute § 559.72(4) when it willfully communicated with Plaintiff's employer before obtaining final judgment against Plaintiff, and without permission from Plaintiff to contact her employer.

32. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's employer without ever having received permission from Plaintiff to contact her employer.

33. To date, Defendant has not obtained final judgment against Plaintiff.

**WHEREFORE**, Plaintiff, TONI MARLENE CARTER, demands judgment against Defendant, PROG LEASING, LLC, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

34.    Plaintiff incorporates all allegations in paragraphs 1-24 as if stated fully herein.

35.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

36.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone..

37.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

38.    The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, TONI MARLENE CARTER, demands judgment against Defendant, PROG LEASING, LLC, for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after September 12, 2016;

    b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: April 6, 2017                              BOSS LAW

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**